```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
BANOKA S.R.L., *et al.*,                                       :
                                                               :
                           Petitioners,    :        1:22-mc-182-GHW
                                                               :
              -v –                                             :        ORDER
ALVAREZ & MARSAL, INC., *et al.*,                              :
                                                               :
                           Respondents.    :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Nearly two years ago, attorney James Tysse filed a motion to appear *pro hac vice* in this case. Dkt. No. 38. When he entered the motion in the Court's electronic filing system, he mistakenly indicated that he was representing all of the respondents. On May 29, 2024, the parties submitted a proposed stipulation and order to correct the docket to accurately reflect the parties that Mr. Tysse represents. Dkt. No. 74. The proposed order does not indicate whether the parties took any effort to correct Mr. Tysse's error without the need for an order from the Court. However, the Clerk of Court has informed the Court that it cannot independently correct this error without an order from the Court.

      The Court declines to act on the proposed order at this time. Among other things, the parties failed to comply with Rule 1(F) of the Court's Individual Rules, which requires that proposed stipulations and orders be accompanied by a joint letter from the parties.

      Any joint letter from the parties should address the Court's authority to enter the proposed order in light of the pending appeal in this case. In particular, the letter should explain whether the proposed stipulation and order would be "in aid of the appeal." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020). Any letter should also address the impact of Federal Rule of Civil Procedure 60(b), which provides that "[t]he court may correct a clerical mistake or a

mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" but that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."  Fed. R. Civ. P. 60(b).  To the extent that the parties wish to renew their application, they must do so in a manner that complies with the Court's Individual Rules and applicable law.

    SO ORDERED.

Dated: July 9, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge